IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY COHEN, et al. | : |
| Plaintiffs, | : |
| v. | : Civ. No. 16-893-RGA |
| KATHLEEN BIRRANE, et al., | : |
| Defendants. | : |

Jeffrey Cohen, FCI Hazelton, Bruceton Mills, West Virginia. Pro Se Plaintiff.

## MEMORANDUM OPINION

June 23, 2017
Wilmington, Delaware

*signature* 
**ANDREWS, U.S. District Judge:**

Plaintiff Jeffrey Cohen, an inmate at FCI Hazelton in Bruceton Mills, West Virginia, filed this action personally and as sole shareholder of IDG Companies, LLC,[1] raising claims under 42 U.S.C. § 1983 and supplemental claims under Delaware law pursuant to 28 U.S.C. § 1367. (D.I. 1, 3). He appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 8, 11). Cohen also moves for injunctive relief and requests counsel. (D.I. 4, 9). The Court now proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).

## BACKGROUND[2]

Cohen brings this lawsuit for claims relating to a Delaware receivership action currently pending in the Court of Chancery of the State of Delaware, *In the Matter of the Liquidation of Indemnity Insurance Corporation, RRG*, C.A. No. 8601-CB. Indemnity Insurance Corporation, RRG ("IIC") is a risk retention group founded by Cohen and

---

[1] Cohen, as sole shareholder, may not proceed *pro se* on behalf of IDG. "Just as a business entity cannot represent itself in court, *Simbraw, Inc. v. United States*, 367 F.2d 373, 373 (3d Cir. 1966), neither may a shareholder acting on behalf of a corporate entity." *Cohen v. Moore*, 2016 WL 7474815, at *2 (W.D. Pa. Dec. 29, 2016) (citing *Phillips v. Tobin*, 548 F.2d 408, 411-15 (2d Cir. 1976) ("Since a corporation may not appear except through an attorney, likewise the representative shareholder cannot appear without an attorney.")). Thus, Cohen cannot under any circumstances maintain a suit "as sole shareholder of IDG Companies, LLC" unless he is represented by counsel.

[2] Background information is taken from the Complaint and its supporting 32-page single-spaced memorandum. There are numerous related proceedings that provide context for the Complaint's allegations, including an April 9, 2014 Delaware Supreme Court opinion, *Cohen v. State ex. rel. Stewart*, 89 A.3d 65 (Del. 2014), various Delaware Court of Chancery opinions, opinions issued in the United States District Court for the District of Maryland in *Cohen v. Stewart*, 2014 WL 2574550 (D. Md. June 5, 2014), and *Cohen v. INS Consultants, Inc.*, 2015 WL 847473 (D. Md. Feb. 25, 2015), and an opinion from the United States District Court for the Western District of Pennsylvania in *Cohen v. Moore*, 2016 WL 7474815 (W.D. Pa. Dec. 29, 2016).

domiciled in Delaware. *Cohen v. Stewart*, 2014 WL 2574550, at *1. IDG Companies, LLC ("IDG") is an affiliated company owned by Cohen. *Id.* After a routine investigation by the Delaware Department of Insurance uncovered concerns about IIC's solvency, the Insurance Commissioner of the State of Delaware, then Karen Weldin Stewart, sought a seizure order from the Delaware Court of Chancery. *Id.* On May 30, 2013, the Court of Chancery entered a confidential seizure and injunction order that vested Commissioner Stewart with the title to all IIC property. *Id.* On June 17, 2013, the seizure order was enrolled in the Circuit Court for Baltimore County in the State of Maryland, *State of Delaware v. Indemnity Insurance Corp., RRG*, No. 03-C-13006820 (Cir. Ct. Baltimore County, Md). *Id.*

On September 13, 2013, three IIC employees became aware of, and concerned about, unauthorized activity in their deferred-compensation accounts. Cohen was the only person with access to the accounts. *Id.* The employees contacted the Delaware Department of Insurance, and Commissioner Stewart froze the three accounts before they could be emptied. *Id.* On September 25, 2013, the Court of Chancery issued an order imposing sanctions against Cohen due to actions taken by him during the Court of Chancery proceedings. *Cohen v. State ex. rel. Stewart*, 89 A.3d at 80. On October 7, 2013, Cohen filed an expedited motion to modify or, alternatively, for relief from the order imposing sanctions. *Id.* The Court of Chancery denied the motion without prejudice. *Id.* at 81. The Court of Chancery entered an additional sanctions order against Cohen on November 1, 2013, following his continued contumacious behavior. *Id.* at 81-83.

On November 6, 2013, Commissioner Stewart filed a petition for the entry of a rehabilitation and injunction order with consent of IIC's board. *Cohen v. Stewart*, 2014 WL 2574550, at *1. On November 7, 2013, the Court of Chancery entered the order, placed IIC into receivership, and appointed Commissioner Stewart as the receiver.[3] *Id.*

Cohen then appealed to the Delaware Supreme Court challenging multiple orders. *Cohen v. State ex. rel Stewart*, 89 A.3d at 68. "Central to [the] appeal [was] whether the delinquency proceedings [for IIC] violated the constitutional due process rights [of] Jeffrey B. Cohen." *Id.* On April 9, 2014, the Delaware Supreme Court affirmed the Court of Chancery's rulings and concluded there were no violations of Cohen's right to due process. *Id.* at 68-69. The next day, on April 10, 2014, the Court of Chancery entered a liquidation order. *Cohen v. Stewart*, 2014 WL 2574550, at *1. In the meantime, on December 31, 2013, Cohen had filed a motion for emergency relief in the Court of Chancery. *In the Matter of the Liquidation of Indemnity Insurance Corporation, RRG*, C.A. No. 8601-CB at BL-549.[4]

---

[3] On March 4, 2014, Cohen filed suit in the United States District Court for the District of Maryland seeking injunctive relief to recover funds he alleged were unlawfully and improperly seized as part of the IIC receivership because they were outside the receivership's scope. The motion was denied on June 5, 2014 for failure to show the likelihood of success on the merits due to want of jurisdiction and on abstention grounds. *Cohen v. Stewart*, 2014 WL 2574550. On March 13, 2014, Cohen commenced a second action in the United States District Court for the District of Maryland raising claims related to the Delaware receivership. *Cohen v. INS Consultants, Inc.*, 2015 WL 847473. The matter was dismissed on February 25, 2015 for want of jurisdiction. *Id.* at *1. On February 13, 2015, Cohen commenced a third action in the United States District Court for the District of Maryland raising claims related to the Delaware receivership. The case was dismissed on April 2, 2015. *Cohen v. Bealuk*, No. 15-470 (D. Md.) (D.I. 1), *aff'd*, 624 F. App'x 84 (4th Cir. 2015).

[4] "BL-549" is how the Court of Chancery designates docket items.

Cohen was indicted and charged in Maryland with fifteen counts of wire fraud, five counts of aggravated identity theft, two counts of money laundering, five counts of making false statements to an insurance regulator, and four counts of obstructing justice. *United States v. Cohen*, 2015 WL 4641072 (D. Md. Aug, 3, 2015). On June 5, 2015, he pled guilty to wire fraud, aggravated identity theft, making false statements to an insurance regulator, and obstructing justice. *Id*. He was sentenced on December 10, 2015, to a term of 240 months imprisonment. *See United States v. Cohen*, Crim. No. 14-310-GLR (D. Md.) (D.I. 590). An appeal is pending. (4th Cir., No. 15-4780).

On October 3, 2016, this Court received Plaintiff's Complaint[5] for declaratory and injunctive relief and for damages naming as Defendants Kathleen Birrane, Michael Teichman, Michael Johnson, Greg Bealuk, and possibly[6] Commissioner Stewart.[7] (D.I. 1). The Complaint asserts jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights and elective franchise), and 28 U.S.C. § 1367 (supplemental jurisdiction). (D.I. 1 at p.3).

Cohen has previously sued Teichman, Johnson, Bealuk, and Stewart for racketeering in the United States District Court for the District of Maryland. *See Cohen v. Ins Consultants*, No. 14-768 (D.I. 44, ¶ 52 & Count VII) (D. Md.) (filed March 13,

---

[5] The Complaint refers to several exhibits, some of which (Exs. 11, 12, 13) were not provided to the Court.

[6] Commissioner Stewart's name does not appear in the case caption, but she is listed with the other defendants on page 2 of Cohen's narrative. (D.I. 3). On the other hand, the allegations do not seem to be directed at her as a defendant. (*Id*. at 27-29).

[7] The Complaint was mailed in an envelope postmarked September 19, 2016. (D.I. 1). The Complaint was signed by Cohen on August 16, 2016, but the cover letter submitting the Complaint is dated September 19, 2016. (*Id*. at pp.4, 7). In the cover letter, Cohen states that he "attempted to mail" the complaint on August 16, 2016.

4

2014). Teichman is a Delaware attorney whose hiring was authorized by Cohen. (D.I. 3 at 9). Bealuk and Johnson are insurance professionals who were hired by the Commissioner to operate IDG while it was in the delinquency proceedings. (*Id.* at 10). Birrane, a Maryland attorney, represented Bealuk and Johnson in the *INS* case.

The instant Complaint refers to acts allegedly taken by Defendants from 2010 through April 2014. Plaintiff raises claims under 42 U.S.C. § 1983 for violations of his right to procedural due process under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, as well as supplemental state law claims under Delaware law for negligence, gross negligence, conversion, breach of fiduciary duty, fraud, and conspiracy. (D.I. 3 at pp.21-32).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than

5

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014)

(quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The complaint in this case is not viable in this Court, for multiple reasons. I do not address most of them, because to do so would unnecessarily extend the length of this opinion.

## ABSTENTION

Under the *Younger* abstention doctrine, a federal district court must abstain from hearing a federal case which interferes with certain state proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). The Court may raise the issue of *Younger* abstention *sua sponte*. *O'Neill v. City of Philadelphia*, 32 F.3d 785, 786 n.1 (3d Cir. 1994). Under *Younger*, federal courts are prevented from enjoining pending state proceedings absent

extraordinary circumstances.[8] *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982). Abstention is appropriate only when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims. *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). The doctrine applies to proceedings until all appellate remedies have been exhausted, unless the matter falls within one of the *Younger* exceptions.[9] *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608 (1975).

The Court takes judicial notice that the IIC Receivership proceedings remain pending in the Court of Chancery. The relief sought in the Complaint includes injunctive and other relief that appears to implicate the receivership proceedings. In Count I, Cohen seeks a declaration that Defendants violated Cohen's due process rights by failing to operate the "owned entities in a reasonable manner." (D.I. 3 at 30). Cohen seeks to enjoin Defendants from "committing future violations of [his] due process rights." (*Id.*).

---

[8] The abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings. The *Younger* doctrine has been extended to civil cases and state administrative proceedings. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975).

[9] Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," *Younger*, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." *Id.* at 54.

8

Cohen has filed for a preliminary injunction. (D.I. 4). The relief the motion seeks is to "enjoin Defendants from using any funds from Indemnity Insurance Corporation, Inc., RRG ('IIC') and or from IDG Companies, LLC ('IDG') to pay for the defense of this matter." (*Id.* at 3). IIC is the subject of the Receivership proceedings, and the injunction he seeks would, in effect, subject the Receivership proceedings to a federal court injunction.

Delaware has an important state interest in regulating the insurance industry and protecting the interests of policyholders and creditors from delinquent insurers.

Cohen has an adequate opportunity to raise his federal claims in state court. Indeed, he has raised constitutional claims in the Delaware Courts and, of course, he may also raise claims brought under Delaware law in the Delaware State courts. *See Laziridis*, 591 F.3d at 670. Nothing indicates that the Delaware courts are inadequate for addressing Cohen's constitutional claims. For these reasons, it appears that the Court should abstain under the *Younger* abstention doctrine.

## STATUTE OF LIMITATIONS

Even if abstention were not required, Cohen's federal claims would fail as they are time-barred. Cohen raises federal claims pursuant to 42 U.S.C. § 1983.[10] For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims

---

[10] Section 1983 applies to persons who act "under color of any statute, ordinance, regulation, custom or usage of any State." There are no allegations that conceivably would make attorneys Teichman and Birrane persons acting under color of state law. *See Henderson v. Fisher*, 631 F.2d 1115, 1119 (3d Cir. 1980) ("Liability . . . cannot be predicated solely on the state's licensing of attorneys."). It may also be the case that Bealuk and Johnson are not alleged to be acting under color of state law, but, under the circumstances, I do not need to reach that issue.

9

are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

The last act complained of by Cohen occurred on April 9, 2014, when the Delaware Supreme Court issued its opinion affirming rulings by the Court of Chancery. Cohen did not file his Complaint until September 19, 2016.[11] Hence, it is evident from

---

[11] The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule." A prisoner's filing is deemed filed as of the date it is delivered to prison officials for mailing to the Court. *See Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002).

Here, Plaintiff's Complaint was signed on August 16, 2016, the cover letter mailing it to the Clerk of Court is dated September 19, 2016, and the envelope it was mailed in is post-marked September 29, 2016. Therefore, Plaintiff's Complaint was delivered to prison authorities for mailing on or after September 19, 2016, the date of his cover letter, and the earliest date possible that it could have been delivered to prison officials in West Virginia for mailing. Even if for some reason the filing date were considered to be August 16, 2016, the analysis and conclusion would be the same.

10

the face of the Complaint that the § 1983 claims raised are barred by the two year limitations period, having been filed some four months after the expiration of the limitation period. Granting leave to amend on the statute of limitations is futile. Cohen actually filed suit against Defendants Teichman and Johnson in the District of Maryland on March 13, 2014, and on May 29, 2014, amended the complaint to include Defendants Bealuk and Stewart, which amended complaint included a § 1983 allegation against Defendant Teichman (*see Cohen v. Ins Consultants, Inc.*, No. 14-768-WDQ (D. Md. May 29, 2014) (D.I. 44)). Therefore, I will not grant leave to amend on the § 1983 claims. The Court will dismiss the § 1983 claims as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

The Complaint fails to state a federal claim. The Court declines to exercise jurisdiction over Cohen's supplemental state law claims. *See* 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003). Thus, the state law claims will be dismissed without prejudice.

## CONCLUSION

For the above reasons, the Court will: (1) dismiss the 42 U.S.C. § 1983 claims as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1) and decline to exercise supplemental jurisdiction over the claims raised under Delaware law; and (2) dismiss as moot Plaintiff's motion for preliminary injunction and request for counsel (D.I. 4, 9). Amendment of the federal claim is futile.

An appropriate order will be entered.